GIBONEY, Respondent, *vs.* BEDFORD & KITCHEN, Appellants.

1. Under the new practice, where the trial is by the court without a jury, the party wishing a review of the finding of facts must make out a case, setting forth the facts he wishes found differently, and the evidence bearing upon them.

*Appeal from Stoddard Circuit Court.*

*Geyer & Dayton,* for appellants.
*J. D. Cook* and *Delafield,* for respondent.
RYLAND, Judge, delivered the opinion of the court.

This was an action under the new code for the recovery of personal property, a negro boy. The plaintiff claims that the defendants wrongfully and without leave took the negro boy from her possession and have not returned the same ; and the defendants answer and deny that they unlawfully took the property of the plaintiff, but that they hold the negro boy as the property of Robert Giboney's estate, they being his administrators.

The proof for plaintiff was in part oral and part in writing, including a deed of gift to Mrs. Elizabeth Giboney of the boy in question, by her father, John B. Walker, which is as follows :

" Know all men by these presents, that I, John B. Walker, have this day given to my daughter, Elizabeth Walker, who is now married to Robert Giboney, of Stoddard county, Bloomfield, and consequently, whose name at present is Elizabeth Giboney, a certain negro boy, named Squire, supposed to be eight years old, to have and to hold the said negro during her natural life, and then to fall to her heirs, executors and administrators, and that from this day forward, my daughter, Elizabeth Giboney, is to hold the said negro boy, Squire, as her own property, and also as a gift, which I willingly give to her, as my child, in consideration of the love and affection which I, John B. Walker, her father, have for her. But in making my daughter, Elizabeth Giboney, this title to said negro boy,

Squire, which she is to hold as her property alone from this day, he, the said negro boy, Squire, however, is to remain in my possession during my natural life, or until such time as I no longer require or need him or his services. In testimony," &c.

The testimony of the witnesses for the plaintiff tended to show that the boy was considered the property of the wife by the husband; and there was testimony for the defendant tending to show acts of ownership by the husband over the negro boy in dispute.

The case was submitted to the court without a jury, without any points of law raised by either party, or without any propositions of law arising on the case, brought to the mind of the court. The court found the facts of the case to be thus: "That John B. Walker gave to the plaintiff herein, as her separate property, the negro boy, Squire, mentioned in the plaintiff's petition; that at the time of said gift, the plaintiff was a married woman; that before the commencement of this suit, the plaintiff's husband departed this life; that the defendants, as administrators of the estate of Robert Giboney, deceased, the husband of said plaintiff, on or about the 1st day of February, 1850, wrongfully took said negro boy, Squire, into possession; that the plaintiff demanded the said negro boy of the defendants before the commencement of this suit; that defendants refused to give the plaintiff the possession of said negro boy; that the said negro boy, at the time of the commencement of this suit, was worth five hundred and fifty dollars; that his hire, since defendants have had him in possession as aforesaid, is reasonably worth seventy-five dollars. It is therefore considered and adjudged by the court, that said plaintiff have and recover of the defendants the said negro boy, Squire, in said plaintiff's petition mentioned, and the sum of seventy-five dollars for the damages said plaintiff has sustained by reason of the detention of said negro boy, together with her costs and charges," &c.

The defendants, after the finding by the court, moved for a new trial, and assigned the following reasons: 1. The finding

of the court is against law. 2. The finding of the court is against the testimony in the case. 3. The finding of the court should have been for the defendants and not for the plaintiff.

1. This motion being overruled, they then moved in arrest of judgment, which motion was also overruled. It is not necessary to take any notice of the reasons in arrest, as they present no ground whatever for arresting the judgment. The motion and reasons for a new trial are in accordance with the former practice of our courts, but under the new code this practice is done away. The party wishing a review of the finding by the court, must make out a case stated, setting forth the grounds on which he wishes a review, and the fact or facts he wishes found in a different manner, and upon the points he thus wishes reviewed, he should set forth the evidence. There is here no case made for a review, and the facts support the judgment of the court rendered thereon. The judgment below will, therefore, be affirmed, the other Judges concurring.